**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION**

| | |
|---|---|
| ISAIAH CYRUS FLORES, ) | Case No. ED CV15-02122-R(AS) |
| ) Petitioner, ) | **ORDER OF DISMISSAL** |
| ) | **WITHOUT PREJUDICE** |
| v. ) | |
| MONTGOMERY, Warden, ) | |
| ) Respondent. ) | |

**PROCEEDINGS**

On October 14, 2015, Isaiah Cyrus Flores, ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1).

According to the Petition, Petitioner was convicted of attempted voluntary manslaughter, assault with a deadly weapon, first degree burglary, and various gun enhancements associated with

1

these charges were found to be true. On January 18, 2013, Petitioner was sentenced to imprisonment for an aggregate term of 21 years and 4 months. (Petition at 2).[1] On October 21, 2014, the California Court of Appeal affirmed Petitioner's convictions and sentence. Petitioner did not file a petition for review with the California Supreme Court or file any habeas petitions in state court. Id. at 2-3.

The Petition alleges the following grounds for federal habeas relief: (1) The trial court's imposition of the upper term of imprisonment for the crime and the gun enhancement violated Petitioner's due process rights; (2) The trial court improperly based its imposition of the upper term sentence for his conviction for assault with a deadly weapon on the fact that Petitioner used a gun; (3) Petitioner received ineffective assistance of counsel based on his failure to object to Petitioner's sentence; and (4) The trial court improperly relied on the same facts (i.e., the gun) to sentence Petitioner to the upper term. (Petition at 5-6).
///
///
///

---

[1] The Court takes judicial notice of state court records that are available on the California Courts' website at http://appellatecases.courtinfo.ca.gov (last visited October 21, 2015). The website provides the date on which Petitioner filed his direct appeal to the California Court of Appeal and the date on which the appeal was decided. According to the website, Petitioner did not file a petition for review with the California Supreme Court or file any state habeas petitions.

**DISCUSSION**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b) - (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th

3

Cir. 1996).

Here, Petitioner has not only failed to allege in the Petition that all Grounds raised in the Petition were presented to the California Supreme Court, but has also conceded that all Grounds alleged in the Petition have not been presented to the California Supreme Court. (See Petition at 5-6). The Petition is therefore unexhausted and subject to dismissal on its face.[2]

Petitioner has failed to state an exhausted constitutional claim for relief and therefore, the Petition fails to state a claim upon which relief may be granted. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party. 28 U.S.C. § 2243; see also Rule 4, Rules Governing Section 2254 cases in the United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition []that the

---

[2] In certain circumstances, the Court has authority to stay a "mixed" petition containing both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269 (2005); King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009)(stay procedure authorized by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) ("Kelly" remains available after Rhines). However, the present Petition is not mixed; it is completely unexhausted. The Court cannot stay a completely unexhausted petition. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

4

petitioner is not entitled to relief").

Petitioner may be able to present his claims to the California Supreme Court. See In re Harris, 5 Cal.4th 813, 825 (1993) ("[H]abeas Corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations and quotations omitted).[3]

**ORDER**

For the foregoing reasons, the Petition is dismissed without prejudice.[4]

DATED: October 23, 2015.

                            MANUEL L. REAL
                  UNITED STATES DISTRICT JUDGE

---

[3] The Court expresses no opinion concerning whether consideration of a state habeas petition might be foreclosed by state procedural law. The California Supreme Court should evaluate this matter in the first instance. Moreover, even if there exists an applicable state procedural bar, the California Supreme Court nevertheless might choose to reach the merits of Petitioner's claims. See e.g., Park v. California, 202 F.3d 1146 (9th Cir. 2000).

[4] This dismissal will not relieve petitioner from complying with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future habeas petitions filed in this Court.

5

Presented this 21st day
of October 2015, by:


        /S/
     ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE